UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
GEORGE KARKANIAS,

        Plaintiff,

                                             Case No.: 08 CV 1967

        -against-

ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY; AND YESHIVA                 ANSWER
UNIVERSITY,

        Defendants.

------------------------------------------------------------------ X

        Defendants Albert Einstein College of Medicine of Yeshiva University ("AECOM") and Yeshiva University ("Yeshiva"), (collectively, "Defendants"), by their attorneys Sive, Paget & Riesel, P.C., hereby answer the Complaint as follows:

        1.        Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

        2.        Admit that Yeshiva is a legally organized institution of higher education with campuses in Bronx and New York Counties, New York. To the extent Paragraph "2" sets forth legal conclusions to which no answer is required, Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

        3.        Deny the allegations set forth in Paragraph "3" of the Complaint. To the extent Paragraph "3" sets forth legal conclusions to which no answer is required, Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

4. Paragraph "4" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

5. Paragraph "5" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

6. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "5" of the Complaint.

7. Admit the allegations set forth in Paragraph "7" of the Complaint.

8. Admit that Yeshiva employed Plaintiff between the years 1995 and 2005, that he received an N.I.H. grant, and deny the remaining factual allegations set forth in Paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form an opinion with regard to the number of works published by Plaintiff, and deny the remaining factual allegations set forth in Paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "10" of the Complaint.

12. Deny the allegations set forth in Paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Deny the allegations set forth in Paragraph "14" of the Complaint.

15. Deny the allegations set forth in Paragraph "15" of the Complaint.

16. Admit that Plaintiff wrote a letter, dated June 7, 2004, regarding his non-reappointment, and deny the remaining factual allegations set forth in Paragraph "15" of the Complaint.

17. Neither admit nor deny the allegations regarding AECOM policies and procedures set forth in Paragraph "17" of the Complaint, but beg leave to refer to AECOM's Faculty Handbook, Section III for its content, and deny the remaining factual allegations set forth in Paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form an opinion as to the truth of whether a particular Muslim doctoral candidate was awarded a doctorate, and deny the remaining factual allegations set forth in Paragraph "18" of the Complaint.

19. Deny the allegations set forth in Paragraph "19" of the Complaint.

20. Admit that Plaintiff wrote to AECOM's security department requesting issuance of a "Visiting Student" identification card to a person who was no longer an AECOM student, and deny the remaining factual allegations set forth in Paragraph "20" of the Complaint.

21. Deny the allegations set forth in Paragraph "21" of the Complaint.

22. Deny the allegations set forth in Paragraph "22" of the Complaint.

23. Deny the allegations set forth in Paragraph "23" of the Complaint.

24. Deny the allegations set forth in Paragraph "24" of the Complaint.

25. Deny the allegations set forth in Paragraph "25" of the Complaint.

26. Deny the allegations set forth in Paragraph "26" of the Complaint.

27. Deny the allegations set forth in Paragraph "27" of the Complaint.

28. Admit that Department of Pathology Chairman Dr. Michael Prystowsky informed Plaintiff that the research space provided for Plaintiff's one-year appointment would not be available after completion of such appointment and that Dr. Prystowsky advised Plaintiff to secure employment elsewhere.

29. Deny the allegations set forth in Paragraph "29" of the Complaint.

30. Deny the allegations set forth in Paragraph "30" of the Complaint.

31. Deny the allegations set forth in Paragraph "31" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint.

33. Deny the allegations set forth in Paragraph "33" of the Complaint.

34. Deny the allegations set forth in Paragraph "34" of the Complaint.

35. Admit the allegations set forth in Paragraph "35" of the Complaint.

36. Admit the allegations set forth in Paragraph "36" of the Complaint.

37. Neither admit nor deny the allegations set forth in Paragraph "37" of the Complaint, but beg leave to refer to the EEOC determination for its content.

38. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "38" of the Complaint, except admit that EEOC right to sue notice was dated November 28, 2007.

39. Deny the allegations set forth in Paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "40" of the Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43.  Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "42" of the Complaint.

44.  Deny the allegations set forth in Paragraph "44" of the Complaint.

45.  Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46.  Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "45" of the Complaint.

47.  Paragraph "47" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law to the Court.

48.  Admit that Yeshiva was Plaintiff's employer.

49.  Deny the allegations set forth in Paragraph "49" of the Complaint.

50.  Neither admit nor deny the allegations set forth in Paragraph "50" of the Complaint, but beg leave to refer to AECOM's policies for their content.

51.  Deny the allegations set forth in Paragraph "51" of the Complaint.

52.  Deny the allegations set forth in Paragraph "52" of the Complaint.

53.  Deny the allegations set forth in Paragraph "53" of the Complaint.

54.  Deny the allegations set forth in Paragraph "54" of the Complaint.

55.  Deny the allegations set forth in Paragraph "55" of the Complaint.

56.  Deny the allegations set forth in Paragraph "56" of the Complaint.

57.  Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "56" of the Complaint.

58. Deny knowledge or information sufficient to form an opinion as to the truth of whether a particular Muslim person was awarded a doctorate, and deny the remaining factual allegations set forth in Paragraph "58" of the Complaint.

59. Deny the allegations set forth in Paragraph "59" of the Complaint.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Neither admit nor deny the allegations set forth in Paragraph "61" of the Complaint, but beg leave to refer to the policies of Yeshiva and AECOM for their content.

62. Admit that Plaintiff's appointment ended as scheduled in 2005, and deny the remaining factual allegations set forth in Paragraph "62" of the Complaint.

63. Deny the allegations set forth in Paragraph "63" of the Complaint. To the extent Paragraph "63" contains legal conclusions to which no answer is required, Defendants respectfully refer all questions of law to the Court.

64. Deny the allegations set forth in Paragraph "64" of the Complaint.

65. Deny the allegations set forth in Paragraph "65" of the Complaint.

66. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "65" of the Complaint.

67. Deny the allegations set forth in Paragraph "67" of the Complaint.

68. Deny the allegations set forth in Paragraph "68" of the Complaint.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint.

72. Deny each and every other allegation set forth in the Complaint.

FIRST DEFENSE

73.  The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

74.  All or part of Plaintiff's claims are barred by the applicable statute of limitations because the actions which Plaintiff claims constitute retaliation occurred on or before March 12, 2005, 300 days before Plaintiff filed his complaint with the EEOC.

THIRD DEFENSE

75.  At all times relevant hereto, Defendants acted in good faith, and have not violated Plaintiff's rights under Federal, State or local law.

FOURTH DEFENSE

76.  All Defendants' employment actions with regard to Plaintiff were for legitimate business purposes, and were in no way related to the allegations of discrimination or retaliation set forth in the Complaint.

FIFTH DEFENSE

77.  AECOM has written anti-discrimination policies and procedures for filing complaints of discrimination, with which it fully complies. Plaintiff failed to take advantage of these procedures and never filed a formal complaint of discrimination or retaliation with the Affirmative Action Office.

SIXTH DEFENSE

78.  Plaintiff's claim for punitive damages is barred, in whole or part, because such damages are not available for some or all of the claims and/or because Defendants did not engage in conduct with the required level of culpability to justify an award of punitive damages.

SEVENTH DEFENSE

79. Each claim for relief in the Complaint is barred by reason of Plaintiff's failure to mitigate or avoid any of his alleged damages.

EIGHTH DEFENSE

80. Plaintiff's fourth "Cause of Action" should be dismissed because Plaintiff is without statutory basis for his claim under the New York State Labor Laws, as "wages" does not include vacation pay.

81. Defendants reserve the right to amend or supplement this answer or to assert additional defenses as may be disclosed by discovery.

WHEREFORE, Defendants should have judgment dismissing the Complaint and for such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
April 7, 2008

Yours, etc.,

SIVE, PAGET & RIESEL, P.C.
Attorneys for Defendants
Albert Einstein College of Medicine of Yeshiva University and Yeshiva University

By: /s/ Daniel Riesel
Daniel Riesel (DR-9777)
460 Park Avenue
New York, New York 10022
(212) 421-2150

TO: COX PADMORE SKOLNIK & SHAKARCY LLP
Attorneys for Plaintiff
ATTN: Chinyere Y. Okoronkwo
630 Third Avenue, 19th Floor
New York, New York 10017
(212) 953-6633

P:\6000\Karkanias Answer.doc